

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:17-cr-29-006

EUGENIA FLEMING,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT FLEMING'S MOTION IN LIMINE (ECF No. 97). For the reasons set forth below, this motion will be denied.

**BACKGROUND**

Defendant is one of six defendants named in a seven-count Indictment filed on March 8, 2017. ECF No. 3 (Under Seal). She was charged in three counts: Count One, Conspiracy to Commit Wire Fraud, id. ¶ 181; Count Five, Use of Fire to Commit a Federal Felony, id. ¶ 191; and Count Six, False Statement, id. ¶ 194. Specifically, the United States alleged that:

- Defendant and Verdon Taylor purchased a 2002 Dodge Stratus in December 2007, and it was damaged by a fire on or around September 4, 2008. Defendant then filed an insurance claim on the car. Id. ¶¶ 67-70. Defendant also falsely stated to special agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives that she

was alone in the car at the time of the fire, when in fact a man was in the car with her then. Id. ¶ 194;

- Investigators found a receipt for a prepaid cellular phone in Defendant's name in a Dodge Caravan in the backyard of 6403 Dan Street—a rental property occupied by co-defendant Sylvia Mitchell—following a fire there on or around December 12, 2008. Id. ¶ 91(e); and

- Defendant was the tenant of a rental property at 3007 Q Street, which was damaged by a fire on or around February 28, 2009. Defendant then filed an insurance claim on the property. Id. ¶¶ 94-97.

In addition, although not alleged in the Indictment, the United States has evidence indicating that: Defendant purchased a mobile home at 20291 Boydton Plank Road in McKenney, Virginia in November 2013; the home was destroyed by fire on May 5, 2014; and Defendant then filed an insurance claim on the property. See Mot. at 2; Gov't Response (ECF No. 101) at 2.

Defendant now moves to exclude at trial evidence relating to these allegations.

## DISCUSSION

Evidence must be relevant to be admissible. See Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the

2

evidence," and "the fact is of consequence in determining the action." Id. 401. This standard is a "low barrier to admissibility"; to satisfy it, "evidence need only be 'worth consideration by the jury,' or have a 'plus value.'" United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003) (quoting United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997)). If evidence is relevant, the Court can still exclude it if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition, even if it is relevant, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Id. 404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). Rule 404(b) only pertains to "other acts extrinsic to the one charged." United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996). If evidence "is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." Id. Evidence of

3

bad acts is intrinsic if, among other things, it involves "the same 'series of transactions as the charged offense,'" United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (quoting United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)), or "the other acts were necessary preliminaries to the crime charged," Chin, 83 F.3d at 88 (internal quotations omitted).

Defendant seeks to preclude the United States from mentioning at trial, in any form: (1) the fires involving the Dodge Stratus, the Q Street property, and the mobile home at Boydton Plank Road; and (2) the receipt for a prepaid cell phone in Defendant's name found after the fire at 6403 Dan Street. Defendant's request seems to be based on two grounds. First, this evidence relates to fires "in which arson cannot be proven" and is therefore irrelevant to Defendant's conspiracy charge under Rule 402, since "[o]bviously the insurance claims [submitted by Defendant] were not fraudulent if the causes of the fires were accidental, suspicious or undetermined, as opposed to deliberate." Mot. at 3. Second, even if that evidence is relevant, the United States will seek to admit the evidence under Rule 404(b), and the Court should exclude it under Rule 403 because asking the jury to "infer knowledge, motive, opportunity or intent from the mere number of fires, [Defendant]'s association with V[e]rdon Taylor, and ownership

4

interest in the properties. . . . invites speculation and improper innuendos which will result in unfair prejudice and confusion of the issues." Id. at 4.

I. **Rule 404(b)**

Rule 404(b) is irrelevant to the admissibility of this evidence. Evidence of the Dodge Stratus and Q Street fires and the receipt found after the 6403 Dan Street fire satisfies both prongs of the Chin analysis. First, the evidence is "intrinsic to the crime charged," since those events are all part of a "single criminal episode" charged in the Indictment—the conspiracy. They also pertain to necessary elements of Count One—the existence of an agreement between Defendant and her co-defendants to commit fraud, and the intent to enter into such an agreement. See Chin, 83 F.3d at 88; see also Otuya, 720 F.3d at 188 (acts were part of same criminal episode where both acts involved same scheme to defraud and same conspirators). Second, the acts in question are "not admitted solely to demonstrate bad character." Chin, 83 F.3d at 88. Instead, the United States will admit this evidence in part to prove that Defendant conspired with her co-defendants to defraud insurance companies, and that Defendant had the requisite fraudulent intent. Admitting evidence to prove the commission of a crime is not the same as admitting it to show Defendant's bad character. See id.

5

Evidence as to the Boydton Plank Road fire is intrinsic for the same reasons. The United States points out that this incident shares many of the same characteristics as the other fires in the Indictment, so it can be said to be part of the same "criminal episode." See Otuya, 720 F.3d at 188. This conclusion is further supported by the fact that the date of the fire, May 5, 2014, falls well within the "time frame of the charged [conspiracy]," May 2000 to February 2017. See United States v. Bajoghli, 785 F.3d 957, 965-66 (4th Cir. 2015). Because this evidence is intrinsic, the United States does not rely on Rule 404(b) to admit any of it. Accordingly, the Court denies Defendant's motion to the extent it challenges the admissibility of the evidence under that rule.

## II. Rule 401

This evidence is also relevant under Rule 401. Count One charges that Defendant and her co-conspirators knowingly conspired to devise a scheme to defraud insurance companies. Indictment ¶ 181. The challenged evidence makes it more probable that Defendant knowingly participated in this scheme, given the common elements between each incident. Evidence as to the Dodge Stratus fire also bears on whether Defendant used fire in the commission of wire fraud and whether she lied to BATF agents about the fire, the gravamen of Counts Five and Six,

6

respectively. Thus, this evidence can easily surpass the "low barrier" imposed by Rule 401. <u>Leftenant</u>, 341 F.3d at 346.

This result does not change because the evidence relates to fires not involving arson. Evidence is relevant even if it makes a material fact <u>less</u> probable, as Defendant asserts the accidental nature of these fires would. Fed. R. Evid. 401(a). Moreover, submitting claims to insurance companies for fires known to not be accidental is only one of the alleged manner and means of the conspiracy. The Indictment also claims that the co-conspirators made false statements in applying for insurance and during investigations into fires, and attempted to interfere with post-fire investigations. Indictment ¶ 183 (a), (c), (d). Evidence concerning Defendant's conduct in the events noted above makes it more probable that she conspired with the other defendants to take these actions, thereby satisfying Rule 401.

### III. Rule 403

Defendant's argument as to inadmissibility under Rule 403 is similarly flawed. "Once it is recognized that evidence is probative of an element of the crime charged, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" <u>Bajoghli</u>, 785 F.3d at 966 (quoting <u>United States v. Aramony</u>, 88 F.3d 1369, 1378 (4th Cir. 1996)). As discussed, the evidence challenged here is

highly probative of two elements of the conspiracy charge: the existence of an agreement to commit fraud, and Defendant's intent to participate in that scheme. Defendant has not offered any compelling argument that inferring wrongdoing based on this evidence is improper. It is true that the United States "wants the jury to infer [Defendant's] knowledge, motive, opportunity or intent" from this evidence. But that inference stems from the prejudice that naturally occurs as the United States seeks to prove the elements of its case, which is different than the "unfair prejudice" referenced by Rule 403. See id. (emphasis added). The Court will therefore not exercise its discretion to exclude the evidence under Rule 403.

## CONCLUSION

For the foregoing reasons, DEFENDANT FLEMING'S MOTION IN LIMINE (ECF No. 97) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 13, 2017

8